UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDRES PENA,

        Plaintiff,

vs.                                Case No. 2:10-cv-60-FtM-29DNF

COASTAL QSR, LLC, a foreign limited
liability company doing business as
Taco Bell,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. #9) filed on March 10, 2010, and Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #10) filed on March 22, 2010. Defendant filed Responses in Opposition (Docs. ## 12, 13) to both motions.

**I. Counterclaims**

Plaintiff seeks to dismiss the counterclaims for lack of jurisdiction because the counterclaims are permissive, have no logical relationship to the Complaint (Doc. #1), and possess no independent basis for jurisdiction. The Court disagrees.

The Complaint (Doc. #1) alleges that plaintiff was an employee of defendant who worked as an hourly paid maintenance technician. Plaintiff alleges that he worked in excess of forty hours per week during his employment with defendant but was not compensated for

the overtime at a rate of one and one-half times his regular hourly rate for those hours, in violation of the Fair Labor Standards Act (FLSA). The Counterclaim (Doc. #8, pp. 9-13) alleges, in pertinent part, that the counterclaim is compulsory, and supplemental jurisdiction is present. Defendant further alleges that plaintiff was an independent contractor performing services for defendant under a vendor agreement which states that plaintiff was the "principal/owner" of the business and not an employee. Defendant alleges that plaintiff breached the contract, when he failed to perform services under the contract but was paid pursuant to submitted invoices. Defendant seeks reimbursement for those services not performed but paid in advance, plus attorney's fees under the contract. The parties do not dispute that defendant's counterclaims are based entirely on state law.

The Court finds that the counterclaim is so related to the FLSA claim that it forms "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The "same case or controversy under Article III" requires that "[t]he state and federal claims must derive from a common nucleus of operative fact" such that they would ordinarily be expected to be tried in one proceeding. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006). This requirement is met where the federal and state claims involve the same facts, occurrences, witnesses, and evidence, even where the

elements of the state and federal claims differ. Palmer v. Hospital Auth., 22 F.3d 1559, 1566 (11th Cir. 1994). The counterclaims are based on the existence of a contract that directly undermines the allegations in the complaint of an employer-employee relationship. Therefore, the claims are clearly part of the same case or controversy and will require the same elements of proof during discovery. The motion to dismiss the counterclaims will be denied.

## II. Affirmative Defenses

Plaintiff seeks to strike defendant's First, Fifth, Eighth, Twelfth, Thirteenth, Sixteenth, Eighteenth, and Nineteenth Affirmative Defenses. Plaintiff also seeks to strike the attorney fee demand. Defendant initially argues that the motion should be denied for failure to comply with the "good faith" aspect of M.D. Fla. L.R. 3.01(g). Although plaintiff may have failed to comply with the spirit of the Rule by conferring with counsel an hour before filing the motion, the Court will consider the merits of the motion.

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-6 (2007). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if

the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Under FED. R. CIV. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

**The First Affirmative Defense:**

Failure to state a claim upon which relief may be granted is an affirmative defense recognized in the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(b)(6). Nonetheless, there are no facts provided on which that Court can determine a plausible basis for this defense. Accordingly, the motion to strike will be granted as to the first defense, without prejudice to amend.

**The Fifth Affirmative Defense:**

This defense states that plaintiff "is not entitled to relief because any alleged acts or omissions by the Defendant were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or judicial orders and interpretations with respect to the class of employers to which Defendant belongs." (Doc. #8, pp. 5-6.) The defense clearly states that defendant relied on any applicable laws or labor regulations in good faith, see, e.g., Zegers v. Countrywide

-4-

Mortgage Ventures, LLC, 6:07-cv-1893-Orl-22DAB, 2008 WL 728482, at *2 (M.D. Fla. Mar. 17, 2008), however there are no facts to indicate whether this reliance is based on 29 U.S.C. § 259, see, Cole v. Farm Fresh Poultry, Inc., 824 F.2d 923, 926-28 (11th Cir. 1987), as asserted in the Twentieth Affirmative Defense. Therefore, the motion to strike the fifth defense will be granted, without prejudice to amend if distinct from the Twentieth Affirmative Defense.

**The Eighth Affirmative Defense:**

This defense states that the relief sought by plaintiff is "improper, inappropriate and/or otherwise not available under the law upon which his claims rest including, but not limited to, that there is no basis for liquidated damages as Defendant has acted in good faith as a reasonably prudent entity would have acted under the circumstances and in reasonable belief of compliance with the applicable law." (Doc. #8, p. 6.) This appears to be partially redundant of the Second Affirmative Defense, which denies that plaintiff is an employee as defined by the FLSA, partially redundant of the Sixth Affirmative Defense, which denies any intentional or willful action, and partially redundant of the Fifth Affirmative Defense, which expresses good faith reliance on the law. Therefore, the motion will be granted as to the eighth defense, without prejudice to amend if defendant can state a plausible but distinct defense.

**The Twelfth and Thirteenth Affirmative Defenses:**

> These defenses state:
>
> The Complaint should be dismissed and/or judgment accorded to Defendant, in whole or in part, to the extent Defendant has paid Plaintiff or satisfied any overtime obligations or unpaid wages to him or paid him amounts invoiced.
>
> The Complaint should be dismissed and/or judgment accorded to Defendant, in whole or in part, as Plaintiff has been properly compensated under the FLSA.

(Doc. #8, p. 7.) If the twelfth and thirteenth defenses are simply a denial of liability, they are not affirmative defenses. If they were intended to be pled as the defense of accord and satisfaction, such a defense is not a recognized defense in a FLSA case because an individual cannot waive entitlement to overtime. Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp.2d 1314, 1320 (S.D. Fla. 2005); Romero v. Southern Waste Sys., LLC, 619 F. Supp. 2d 1356, 1358-59 (S.D. Fla. 2009). The Court does not find that the defenses are asserting a set-off as currently pled. The motion to strike the twelfth and thirteenth defenses will be granted.

**The Sixteenth Affirmative Defense:**

Defendant asserts that plaintiff exempt from some or all of the FLSA's requirements. (Doc. #8, p. 8.) To the extent not redundant of or also based on the independent contractor theory in the Second Affirmative Defense, the defense is insufficiently pled under FED. R. CIV. P. 8. The motion to strike the sixteenth defense

will be granted, without prejudice to amend and provide a factual basis for the exemption argument.

**The Eighteenth Affirmative Defense:**

Defendant asserts that the case is barred under the doctrines of estoppel, laches, waiver, "and/or the like, and to the extent that Plaintiff now seek(s) to contradict his prior representations as to his hours of work and status." Defendant has lumped several defenses into one. The doctrine of estoppel is a recognized defense under certain narrow circumstances, the defense of laches does not apply to the FLSA, and plaintiff cannot waive his rights under the FLSA. See Groves v. Dury, M.D., P.A., 2:06-cv-338-FTM-99SPC, 2006 WL 2556944, at **1-2 (M.D. Fla. Sept. 1, 2006). Therefore the motion to strike the eighteenth defense will be granted in part and denied in part, such that only the estoppel defense will be permitted.

**The Nineteenth Affirmative Defense:**

Defendant alleges "unclean hands" because plaintiff acknowledged in writing that he was paid for all hours worked. This is not an allegation of wrongdoing by plaintiff, but a restatement of the twelfth and thirteenth defense for accord and satisfaction. The motion to strike the nineteenth defense will be granted.

**Attorney Fee Demand and Request for Judgment:**

Plaintiff seeks to strike the request for attorney's fees in the Wherefore clause, Doc. #8, p. 9, because the FLSA does not provide for the recovery of attorney's fees by a defendant. As such a claim can only be on the basis of bad faith, not under the FLSA, the motion will be granted. The Court finds that defendant need not reserve such a right if it is later determined that plaintiff indeed acted in bad faith or vexatiously.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. #9) is **DENIED**.

2. Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #10) is **GRANTED IN PART AND DENIED IN PART** as detailed above. Defendant may file amended affirmative defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of May, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record